FILED
2007 FEB -7 AM 8:43
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SKY TRUST, N.A. | ) | Case No. 04-7546 |
| | ) | |
| Plaintiff, | ) | (Judge David A. Katz) |
| | ) | |
| -v- | ) | |
| | ) | |
| HAMLIN CAPITAL MANAGEMENT, LLC, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF FINAL JUDGMENT

This action came on for hearing before this Court on February 6, 2007, pursuant to the Order of this Court entered November 8, 2006, (the "Preliminary Approval Order"), and on the application of the Plaintiff, Sky Trust, N.A. ("Sky Trust") and Defendants, Hamlin Capital Management, LLC, as representatives of the Subclass of holders of the Term Bonds, as defined herein, ("Hamlin"), John Forbes, as representative of the Subclass of holders of the Mid-Term Bonds, as defined herein, ("Forbes") and Truman A. Greenwood, as Special Master and representative of the Subclass of holders of the Serial Bonds, as defined herein ("Greenwood"), (collectively the "Parties"), for the approval of the Settlement of this action. The Settlement Notice was transmitted to the members of the Class by first-class mail, as required by the Preliminary Approval Order. The Court having considered all evidence and submissions in the record and having heard from all interested parties, hereby finds and determines as follows:

1. The Preliminary Approval Order provides for the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement

Fairness Hearing (the "Settlement Notice"), which, among other things, (i) describes the terms of the Stipulation of Settlement (the "Stipulation"); (ii) describes the certification of a defendant class (the "Class"), consisting of all persons and entities who currently are holders of one or more of the Series 1983 Industrial Development Bonds issued by Washington County, Ohio in December, 1983, in connection with the Marie Antoinette Care Center, including all holders of one or more of the Term Bonds that mature on December 1, 2013 (the "Term Bond Subclass"), Mid-Term Bonds that matured on December 1, 2003 (the "Term Bond Subclass") and Serial Bonds that matured on the first day of December in the years 1987-96 (the "Series Bond Subclass"), all of which were issued pursuant to an Indenture of Trust dated December 1, 1983 and supplemented by a Supplemental Indenture of Trust dated march 1, 1984 (the Indenture"); and (iii) directed that the Settlement Notice be mailed to the members of the Class who can be identified from the records of Sky Trust.

The Court hereby finds that the Settlement Notice was initially mailed, postage prepaid, to the members of the Classes on December 1, 2006. All members of the Class have, accordingly, been notified of the Court's hearing held on February 6, 2007 and have been afforded an opportunity to be heard with respect to final approval of the matters set forth in the Stipulation. The Parties have complied with the notice requirements, in accordance with the Order of Preliminary Approval entered by the Courts. Such notice constituted the best notice practicable under the circumstances and provided individual notice to all Class Members who could be reached with reasonable effort. Further, such notice constitutes valid, due and sufficient notice to members of the Class, complying fully with due process and Federal Rules of Civil Procedure.

2. The terms and conditions of the settlement described in the Stipulation (the "Settlement") constitute a good faith compromise of disputed claims and defenses, and are the product of arm's length bargaining among and between Plaintiffs and Defendants.

3. The Court, having reviewed the Settlement, the Stipulation, the legal memoranda submitted in connection herewith, and the arguments of counsel, finds the terms and conditions of the Stipulation to be fair, reasonable and adequate as to the members of the Class and that all such terms are lawful, binding and enforceable with respect to all of the Parties, individually and in their respective capacities, including all persons or entities who are members of the Class. The Court further finds that the terms of the Settlement comport with the terms of the Indenture and the laws of the State of Ohio.

4. No member of the Class has filed any written notice of intent to appear and object to the Stipulation or to the payment of attorneys' fees and expenses, as is provided for in the Stipulation and Settlement Notice, and no member(s) of the Classes appeared to make any such objection at the Settlement Hearing.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court hereby grants final approval of the Stipulation and the Settlement and holds that the settlement of all claims among and between Plaintiffs and Defendants pursuant to and as described in the Stipulation is fair, reasonable and adequate and in accordance with the terms and provisions of the Stipulation, the terms of the Indenture and applicable law.

2. All claims asserted by or which could have been asserted arising out of the transactions alleged in the Amended Class Action Complaint for Interpleader and Declaratory Relief filed in this action and the Settled Claims as defined in the Stipulation and herein, against any of the Parties hereto and any of the their respective affiliates, subsidiaries, predecessors,

successors, assigns, present and former agents, representatives, officers and directors, and any of their personal representatives, heirs, administrators, executors, successors and assigns, individually and/or collectively, shall be and hereby are finally dismissed, with prejudice, on the merits and without costs.

3. All members of the Class individually and as a whole, and each of their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, other than Class members who have opted out of this lawsuit, are hereby barred and enjoined from prosecuting any Settled Claims against any of the Parties hereto and their past or present subsidiaries, parents, successors and predecessors, and each of their current and former officers, directors, agents, employees, attorneys, advisors, investment advisors, and any person, firm, trust, corporate officer, director or other individual or entity in which any of the Parties have a controlling interest or which is related to or affiliated with any of the Parties and/or legal representatives, heirs, successors-in-interest or assigns.

"Settled Claims" means any and all manner of actions, causes of actions, suits, obligations, claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued between or among any of the parties hereto and the Class directly, derivatively, individually, in any representative capacity, or as a member of a class, against any other party hereto arising from, or related directly or indirectly to the Company, the Anchorage, the Pavilion, the New Facility, the Indenture, the Bonds, the Texas Housing Bonds, the Money Market Fund, the lease with Extendicare, any payments of principal and/or interest made with respect to the Bonds, the

negotiation and/or performance of the terms of the Settlement provided for herein, the conduct, acts or omissions of any of the parties hereto and/or any claims which were or could have been asserted in the Action or which relate, directly or indirectly, to the facts, transactions, events, occurrences, acts or omissions referenced in the Action, except that nothing herein releases any claim arising out of the violation or breach of this Stipulation.

4. All members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that are Settled Claims or that have been or could have been asserted in the Action or any forum by the Defendant or any of them or the successors and assigns of any of them against any of the Parties or their attorneys, which arise out of or relate in any way to the institution, prosecution, or Settlement of the Action.

5. The Court also approves the allocation and distribution of the Settlement Fund, as described in the Stipulation, as fair, reasonable and adequate and concludes that it comports with the terms of the Indenture and Ohio law. Nothing contained in the Stipulation nor in any of the other documents transmitted to the Class in connection with the Settlement, its communication to the Class or the hearing on the approval of the Settlement shall be construed as tax advice or information, nor as an opinion or expression of any position whatsoever with respect to the taxability or tax treatment of the payments provided for herein.

6. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. In addition, based upon the record in this case, the independent analysis of the Court, the statements

- 6 -

of counsel for the parties and upon all publicly available information, the Court finds that the Settlement satisfies the requirements of the Federal Rules of Civil Procedure, and the Action is hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

7. All members of the Class are bound by this Judgment and by the Stipulation, including the releases provided for herein and therein.

8. The Stipulation is fair, reasonable and adequate and is hereby finally approved in all respects, and the Parties are hereby directed to consummate and perform its terms.

9. This action shall be and hereby is dismissed, with prejudice, without costs to Defendants other than as set forth in the Stipulation.

10. The Court has reviewed the Motions, Memoranda and Affidavits of Counsel for the representatives of the Term Bonds, the Mid-Term Bonds and Serial Bonds and hereby approves the payment of attorneys' fees and costs for such counsel in the total amount of $98,711.39 to be paid in accordance with the terms of the Stipulation.

11. The Court hereby establishes March 1, 2007 as the date for the distribution of the Settlement Fund (the "Distribution Date"). On the Distribution Date, Sky Trust shall take the Settlement Fund and shall pay the attorneys' fees awarded herein, shall pay all remaining and unpaid costs, fees and expenses of Sky Trust and its counsel in connection with the administration of the Settlement and shall pay all members of the Class (who have transmitted to Sky Trust their bonds and all required documentations) their respective share of the Settlement Fund. Sky Trust shall continue to pay the claims of Class members thereafter as provided in the Stipulation and the Indenture. After the Distribution Date, the Settlement Fund shall not accrue interest and shall be held by Sky Trust and to the extent any members of the Class fail to claim

their respective share of the Settlement Fund, it shall be handled and administered as required by the terms of the Indenture.

12. Exclusive jurisdiction is hereby retained by the Court over the parties and the Class for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order of Final Judgment, including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

13. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO RECOMMENDED.

Dated: February 6, 2007

_____
David A. Katz, Senior Judge
United States District Court

1732972.1